PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of her vehicle striking a hole while she was traveling on W. Va. Route 34 in Putnam County. W. Va. Route 34 is a road maintained by respondent in Putnam County. The Court is of the opinion to malee an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on April 9, 2003, around 6:50 a.m. Claimant was traveling on W. Va. Route 34 in her 1998 Toyota Corolla. W. Va. Route 34 is a two lane road that has been under construction for some time prior to claimant’s incident herein. Claimant testified that she was driving around thirty-five miles per hour. On the dark and wet morning in question, Ms. Blair was driving on W. Va. Route 34 on her way to work when her vehicle struck a large hole in the road that she *180 did not see. Claimant’s vehicle sustained damage to the front passenger side tire. The damage sustained totaled $75.21.
The position of the respondent is that it did not have actual or constructive notice of the condition on W. Va. Route 34 at the site of the claimant’s accident for the date in question.
Danny Tucker, foreman for the respondent in Putnam County, testified that he had no knowledge of any holes on W. Va. Route 34 near the site of the incident in question here. Mr. Tucker stated that on the date of this incident there were no records of any telephone calls regarding holes along this stretch of road or any records of maintenance crews repairing holes on this stretch of W. Va. Route 114. However, Mr. Tucker stated that this was a section of road that had been under construction for some time. He said that respondent does maintain holes in construction areas given the opportunity. Mr. Tucker also stated that there had been crew out the day before the incident involved herein patching holes in the area of the accident. He stated that the crew had been using a cold mix to make temporary patches to any holes that they found along W. Va. Route 34. Mr. Tucker further stated that a hole could develop overnight if it had been filled with cold mix previously, as wet weather will wash out the cold mix.
The well-established principle of law in West Virginia is that the state is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16Ct.Cl. 103 (1986). The Court is of the opinion that the respondent did have actual or constructive notice of a road hazard on W. Va. Route 34. Thus, the claimant is entitled to an award for her losses.
In the instant claim, the evidence established that the respondent did have at least constructive notice of the hole on W. Va. Route 34 prior to the incident in question, based upon the evidence of an earlier patch that had been attempted and the knowledge that this was a known construction area. The respondent has the duty to make sure that the contractor is protecting tire traveling public, and if it does not, it is negligent. Therefore, based upon the evidence established in this case, the Court is of the opinion that respondent was negligent in its maintenance of this road on the date of claimant’s accident.
Accordingly, the Court makes an award to the claimant for the damages to her vehicle in the sum of $75.21.
Award of $75.21.